**WILSON v. WILSON et al.**

District Court, W. D. South Carolina; Greenville Division.

Sept. 9, 1943.

J. Alexander Neely, Jr., of Anderson, S. C., for plaintiff.

Oscar H. Doyle, U. S. Atty., of Anderson, S. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Special Assts. to the Atty. Gen., for defendants Bowers and Helvering.

Francis R. Fant, of Anderson, S. C., guardian ad litem for defendant Marjorie A. Wilson.

628

Wyche, Burgess & Wofford, of Greenville, S. C., for Clarice T. Wilson.

TIMMERMAN, District Judge.

The plaintiff, by his complaint, alleges that he, his wife and daughter, and the two other individual defendants are copartners doing business as W. H. Wilson Company, and that they have been since July, 1934; that the partnership has distributed profits of the business from time to time to the partners in the ratio of their respective interests in said partnership and has made advancements to certain of them in anticipation of future distributions of profits; and that the defendants Bowers and Helvering, acting in their respective official capacities, have notified the plaintiff that "they had decided" that plaintiff's wife and daughter "were not members of the partnership and that the income from the partnership shown for them was his and that they proposed to assess against the plaintiff an additional tax for the year 1940 * * * and for the year 1941 * * * most of which proposed assessment is caused by the said defendants adding the income" of his wife and daughter to his income, thereby unduly increasing plaintiff's tax burden. No cause of action is stated against the defendants Wallace and Adams, or either of them.

The plaintiff's prayers for relief are: (a) "that the court find and determine who are the partners of W. H. Wilson Company and the percentage ownership of each"; (b) "if any of the defendants are found not to be partners that the plaintiff have judgment against them for the portion of the income previously paid to them"; and (c) "that the defendant Guy T. Helvering, Commissioner of Internal Revenue, and W. P. Bowers, Collector of Internal Revenue * . * *, be required to tax the members of the partnership in accordance with the findings of this court".

Plaintiff's wife and daughter answered the complaint admitting their interests in said partnership and the receipt of profits therefrom, as alleged in the complaint. It would seem, therefore, that there is no real controversy between the plaintiff and his wife and daughter. The other two individual defendants, Wallace and Adams, also admit their interests in the partnership, as alleged in the complaint. Hence we have no controversy between the plaintiff and said defendants. The only real controversy tendered by the complaint is between the plaintiff on the one hand and the defendants Bowers and Helvering, in their official capacities, on the other hand; and the judgment that plaintiff seeks as against these last named defendants is in effect to direct them as to how they shall perform the official duties imposed upon them by Act of Congress in the assessment and collection of income taxes.

The cause is now before me on the motion of the defendants W. P. Bowers, Collector of Internal Revenue for the State of South Carolina, and Guy T. Helvering, Commissioner of Internal Revenue for the United States, on the general grounds: (1) That the complaint does not state a claim upon which relief can be granted against them, or either of them; (2) That the Court is without jurisdiction of the subject matter of the suit; (3) That the Court does not have jurisdiction of the persons of said defendants; and (4) That this suit, being against said defendants in their official capacities, is therefore a suit against the United States, and the Government has not given its consent to be sued in a case of this character.

■ The plaintiff cannot maintain his action against the defendants Bowers and Helvering under the Declaratory Judgment Act, as amended June 14, 1934, 28 U.S.C.A. § 400, for the obvious reason that the controversy tendered by the plaintiff is "with respect to Federal taxes". Such a controversy is not a proper subject for a declaratory judgment.

■■ Insofar as the defendants Bowers and Helvering are concerned, this is not an action to try title to real estate so that the jurisdiction of the Court is fixed by the situs of the property. Neither of said defendants is a resident in the Western District of South Carolina. The Court is, therefore, without jurisdiction of either party, since neither has submitted himself voluntarily to the jurisdiction of the Court. Furthermore, this suit is in effect a suit against the United States, as the defendants Bowers and Helvering are sued in their official capacities as officers of the United States Government. The Government has not given its consent to be sued by the plaintiff as is here attempted.

For the reasons stated the motion of the defendants Bowers and Helvering will be granted; and the action insofar as it relates to them, or either of them, will be dismissed. It is so ordered.